UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH M. WILSON,

                    Plaintiff,

        -against-

OPENAI, INC.; OPENAI, LP; OPENAI LLC;
OPENAI GLOBAL, LLC; OPENAI
CORPORATION, LLC; OPENAI HOLDINGS,
LLC; SAMUEL ALTMAN; GREGORY
BROCKMAN; BRAD LIGHTCAP;
MICROSOFT CORPORATION; SATYA;
NADELLA; KEVIN SCOTT; DOES 1 through
100,

                    Defendants.

25-CV-5804 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who resides in Big Flats, Chemung County, New York, brings this *pro se* action under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Defendants have "created existential threats to national security, public safety, and civil society worldwide." (ECF 1 at 2.) By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## BACKGROUND

The following allegations are drawn from the 165-page complaint.[1] The named Defendants are several "OpenAI" entities, and individuals associated with those Artificial Intelligence ("AI") entities, as well as with Microsoft. Plaintiff identifies himself as "an American citizen and resident of New York State, a civil rights advocate, pro se litigant, and whistleblower on AI-driven constitutional risks." (ECF 1 at 2.) He filed this action

> not only on his own behalf, but as a voice for all who face irreversible harm from Defendants' actions—including future generations who will suffer if unchecked artificial intelligence systems are allowed to dictate law, life, liberty, and humanity itself. This Court's intervention is the last constitutional firewall between the survival of democratic freedoms and the rise of unaccountable AI-controlled corporate feudalism.

(*Id.* at 2-3.)

He asserts that Defendants' products: (1) "erase memory of user interactions (preventing legal documentation)"; (2) "impose illegal arbitration regimes (blocking access to courts)";

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(3) "bias information access ( censoring constitutionally protected speech"; (4) "accept foreign investment without national security clearance"; (5) "moderate legal documents to favor corporate or government interests"; (6) "suppress citizen complaints of discrimination, abuse, and rights violations"; (7) "retaliate against whistleblowers and civil rights petitioners"; (8) "facilitate digital fraud and misrepresentation through hallucination outputs"; and (9) "endanger the stability of the national electric grid and critical infrastructure." (*Id.*)

According to Plaintiff, he has "directly experienced" "suppression of legal arguments"; "erasure of litigation history"; denial of ADA accommodation pathways"; "economic sabotage and reputational injury"; and "retaliation for exercising constitutional rights," (*Id.* at 3.) He invokes 42 U.S.C. §§ 1983, 1985, and 1986, and asserts violations of his rights, and the rights of other people, under the First, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 4-7.) Plaintiff seeks $3.1 billion dollars, 94% of which would be apportioned to upgrading and reinforcing the "United States' national infrastructure, specifically targeting energy grid security, cybersecurity, and critical public systems resilience." (*Id.* at 8.)

## DISCUSSION

### A.    Standing

#### 1.    Standing to bring claims on behalf of other people

As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person

3

representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of other people.

### 2.    Standing to bring the types of claims Plaintiff is asserting on his own behalf

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted).

Here, the complaint describes Plaintiff's opinion on the negative aspects of utilizing AI. His position, however, is not a claim because it lacks factual support demonstrating that any of the named defendants caused Plaintiff to suffer an actual injury that is redressable by a federal court. *See, e.g., Small v. Open AI LP*, Nos. 25-CV-238, 25-CV-239, 2025 WL 2887200, at *4 (E.D.N.C. Oct. 10, 2025) (dismissing *pro se* complaint alleging that AI is causing economic and other societal harms for lack of standing and failure to state a claim on which relief may be granted).

4

He therefore lacks standing to bring this action, and consequently, the Court dismisses the action for lack of subject matter jurisdiction. *See Mahon*, 683 F.3d at 62 (noting that where "plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)).

**B.      42 U.S.C. § 1983**

Even if Plaintiff had standing to assert the claims set forth in the complaint, his allegations fail to give rise to a plausible federal claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In other words, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants are private entities and individuals who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. Accordingly, the Court dismisses any claims arising under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      42 U.S.C. § 1985(3)**

To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy;

5

and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g., Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under Section 1985. Plaintiff alleges no specific, nonconclusory facts suggesting that Defendants or anyone else entered into an agreement to deprive Plaintiff of his civil rights or took any overt act directed towards those ends. He also fails to set forth any facts suggesting that Defendants' conduct was motivated by Defendants' animus on the basis of Plaintiff's race, color, or other protected characteristic, or that it resulted in a denial of his rights. The Court therefore dismisses Plaintiff's claims under Section 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian*, 7 F.3d at 1088 (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)).

6

As discussed above, Plaintiff has failed to state a valid conspiracy claim under Section 1985, which is a mandatory predicate for a claim under Section 1986. The Court therefore dismisses Plaintiff Section 1986 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to terminate all pending motions.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

**SO ORDERED.**

Dated:    New York, New York  MAY 2 6 2026

GEORGE B. DANIELS
United States District Judge