UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH M. WILSON,

Plaintiff,

-against-

OPENAI, INC., ET AL.,

Defendants.

25-CV-5804 (GBD)

ORDER

GEORGE B. DANIELS, United States District Judge:

Plaintiff filed this action *pro se*. On May 27, 2026, the Court: (1) dismissed this action for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction; and (2) entered judgment. (ECF 12, 13.) On July 27, 2026, Plaintiff filed an "Emergency Motion for Extension of Time to File Notice of Appeal," due to "sudden medical incapacitation." (ECF 14 at 2). Plaintiff did not file a notice of appeal, but it is clear from the motion that he seeks to appeal the May 27, 2026 order of dismissal. (*Id.* at 1.) For the reasons set forth below, the Court grants the motion.

**DISCUSSION**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5) of the same rules, the party must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a party shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that

was filed more than 60 days after entry of judgment. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained.").

Here, the Court received the motion for an extension of time within 60 days of the entry of the civil judgment. Plaintiff seeks an extension of time to appeal due to health issues. Because Plaintiff shows good cause, the Court grants the motion for an extension of time to file his notice of appeal. Although Plaintiff did not file a notice of appeal, the Court construes the motion for an extension of time to appeal as a notice of appeal, and directs the Clerk of Court to process the appeal. *See Grune v. Coughlin,* 913 F.2d 41, 43 (2d Cir. 1990) (construing a *pro se* submission as a notice of appeal).

## CONCLUSION

The Court grants the motion for an extension of time to file a notice of appeal. (ECF 14.) The Court directs the Clerk of Court to: (1) process the appeal; and (2) terminate the motion on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal of this order. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: SEP 17 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge